UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| BARRY DUTTON, | ) |  |  |
|---|---|---|---|
| Plaintiff, | ) |  |  |
| v. | ) | No.: | 2:20-CV-242-DCLC-CRW |
| SULLIVAN COUNTY DETENTION CENTER, MATT HAULDREN, and KRISTI FRAZIER, | ) |  |  |
| Defendants. | ) |  |  |

## MEMORANDUM & ORDER

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] and motion for leave to proceed *in forma pauperis* [Doc. 4]. The Court will address Plaintiff's motion prior to screening the complaint in accordance with the Prison Litigation Reform Act ("PLRA").

### I.  MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion that he lacks sufficient financial resources to pay the filing fee in this action. Accordingly, pursuant to 28 U.S.C. § 1915, his motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**.

Because Plaintiff is an inmate in the Sullivan County Detention Center, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743 as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of

Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II.   SCREENING

### A.   PLAINTIFF'S ALLEGATIONS

On Saturday, October 24, 2020, Plaintiff was "punched in the side of the jaw" by another inmate while housed in Unit 3, Cell 3 at the Sullivan County Detention Center [Doc. 1 p. 4]. Immediately, officers removed Plaintiff from the cell, and he asked to speak with the attending nurse [*Id*.]. Nurse Matt Hauldren evaluated Plaintiff in the hallway and stated that he did not see anything wrong with Plaintiff's jaw [*Id.*]. Nonetheless, Nurse Hauldren encouraged Plaintiff to fill out a sick call, which Plaintiff did on October 24, 2020 [*Id.*]. A sick call response dated October 26, 2020, stated that Plaintiff was seen by medical personnel on October 25, 2020 [*Id*. at 6]. Plaintiff maintains that the response is untrue [*Id.* at 4]. Plaintiff contends that Defendants "continue to deny [him] treatment even though [his] jaw will not open completely and is visibly swollen" [*Id*.]. He seeks $100,000 in monetary damages for pain and suffering [*Id*. at 5].

### B.   SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant

2

Case 2:20-cv-00242-DCLC-CRW   Document 5   Filed 11/17/20   Page 2 of 6   PageID #: 20

who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

**C.  ANALYSIS**

First, the Court finds that the Sullivan County Detention Center is not a "person" subject to § 1983 liability. *See, e.g., Marby v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000). Moreover, Plaintiff has not alleged any facts to suggest that the alleged

3

violation of his constitutional rights came about because of a policy or custom of Sullivan County itself. Therefore, Plaintiff cannot otherwise maintain a claim against Sullivan County. S*ee Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). Therefore, this Defendant will be dismissed.

Next, the Court notes that the Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, and an official's deliberate indifference to the serious medical needs of a prisoner violates that constitutional provision. *See, e.g., Estelle v. Gamble*, 429 U.S. 102, 103-05 (1976). However, the Supreme Court has held:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (internal quotation marks omitted). Here, Plaintiff does not allege that Defendant Hauldren performed a deliberately perfunctory or invalid evaluation. Instead, the only allegation against Defendant Matt Hauldren is that when he came to evaluate Plaintiff, he did not find anything wrong with Plaintiff's jaw, but instead, encouraged Plaintiff to file a sick call request. Accordingly, Plaintiff has failed to demonstrate that Defendant Hauldren acted with deliberate indifference to Plaintiff's serious medical needs. As such, Defendant Hauldren will be dismissed from this action.

Finally, the Court notes that Plaintiff has alleged that he filed a medical grievance with head nurse Kristi Frazier that she has refused to answer. Ordinarily, an individual cannot be held

4

liable in a § 1983 action when their only involvement is a position of authority or in failing to answer a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond to or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983); *see also Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (providing that § 1983 liability cannot be premised upon a theory of respondeat superior). However, Plaintiff has alleged that he informed Defendant Frazier of his injury and the inability to receive treatment, but that she has nonetheless failed to respond to his requests for treatment despite a worsening of his condition. Therefore, affording Plaintiff's complaint liberal construction, the Court will allow Plaintiff's claim for denial of medical treatment to proceed against Defendant Kristi Frazier. *See, e.g., Winkler v. Madison County*, 893 F.3d 877, 898 (6th Cir. 2018) (finding supervisor may be liable if she "abandon[s] the specific duties of [her] position . . . in the face of actual knowledge of a breakdown in the proper workings of the department.") (citation omitted).

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff's claim for the denial of medical care will proceed against Kristi Frazier;

6. The Clerk is hereby **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Frazier;

7. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty-one (21) days of entry of this memorandum and order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

8. Plaintiff is **NOTIFIED** that failure to return the completed service packet within the time required will result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

9. Defendant shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default;

10. All remaining claims and Defendants are **DISMISSED**; and

11. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

s/Clifton L. Corker
United States District Judge